# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE REBOLLEDO-ADAN,     ) | 1:10-CV-00351 OWW GSA HC |
| Petitioner,                   ) | |
| v.                            ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| NEIL H. ADLER, Warden,        ) | |
| Respondent.                   ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the United States Bureau of Prisons at Taft Correctional Institution in Taft, California. On March 1, 2010, he filed the instant federal habeas petition challenging a prison disciplinary hearing held on June 4, 2009, in which he was found guilty of the prohibited act of stealing. See Respondent's Motion to Dismiss ("Motion"), Exhibit C. Petitioner was assessed a loss of 27 days of good conduct time and 15 days in disciplinary segregation. Petitioner claims there is no evidence to support the guilty finding and contends he was not given adequate notice of the charges.

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the exhibits in support of Respondent's motion.

Respondent filed a motion to dismiss the petition pursuant to Fed. R. Civil Proc. § 12(b)(6) on April 16, 2010. Petitioner did not file an opposition.

**FACTUAL BACKGROUND**[2]

On May 12, 2009, Correctional Officer Palacios was conducting a security walk through a back kitchen area of the institution. He observed Petitioner place three onions in his pants pocket. Petitioner had not been given authorization or permission to have onions in his possession.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241 extends to a person in federal custody if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner was in custody at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court, at the time the petition was filed; therefore, this Court is the proper venue. 28 U.S.C. § 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction.

II.  Motion for Summary Dismissal

Respondent has filed a motion for summary dismissal pursuant to Fed R. Civil Proc. § 12(b)(6). The motion is inappropriate in this case for two reasons. First, Respondent was specifically ordered to file an "answer" to the petition pursuant to Rule 5(a) of the Rules Governing Section 2254 Cases.[3] A motion for summary dismissal was not contemplated by the scheduling order, nor did Respondent seek leave to file said motion. Second, a Rule 12(b)(6) dismissal tests the legal sufficiency of claims and is proper only where there is either a "lack of a cognizable legal

---

[2] This information is derived from the incident report attached as Exhibit A in support of Respondent's motion.

[3] As discussed in the scheduling order, the Rules Governing Section 2254 Cases may be applied to other habeas petitions such as § 2241 petitions at the Court's discretion. See Rule 1, Rules Governing Section 2254 Cases.

theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990). In this case, Petitioner has presented cognizable claims concerning the disciplinary hearing. He asserts he was not given adequate notice, and he contends there was insufficient evidence to find him guilty. Both claims, if accepted as true as is required under Rule 12(b)(6) standards, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), constitute violations of Petitioner's due process rights.

Moreover, Respondent's motion addresses the merits of Petitioner's claims. Respondent submits as exhibits the incident report, notice of disciplinary hearing, and the disciplinary hearing report. Respondent argues that in light of the evidence the claims must be rejected. The appropriate avenue for Respondent's submission is an answer. Since the motion is essentially an answer, the Court will construe it as such and address the merits of the petition.

III.  Review of Petition

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

In this case, it is clear Petitioner's due process rights were met. Although he contends

otherwise, Petitioner was given advance written notice of the charges. The incident occurred at 1:10 p.m. on May 12, 2009. See Motion, Exhibit A. An incident report was prepared on the same date at 1:30 p.m. Id. It was delivered to Petitioner that same date at 6:25 p.m. Id. The hearing occurred nearly three weeks later on June 4, 2009. Petitioner does not dispute this timeline. It is clear then that Petitioner received the report well in advance of the hearing.

Nevertheless, Petitioner contends the incident report did not provide adequate notice of the charges such that a reasonable person could identify relevant evidence and present a defense. His argument is not well-taken. The incident report stated the reason for the report, to wit, "stealing" in violation of Prohibited Act Code 219. Id. It further set forth explicit information regarding the charged offense:

> On May 12, 2009 at approximately 13:10 hours, I Officer Palacios while conducting a security walk through in the back kitchen area observed inmate Rebolledo, Guadalupe #70031-065 putting three onions in his pants pockets. Inmate Rebolledo was not given authorization or permission to have any onions in his possession.

Id.
This was more than sufficient information for Petitioner to be placed on notice such that he could adequately prepare a defense.

Petitioner does not dispute that he was provided the opportunity to call witnesses or present evidence in his defense, and he does not deny he was provided a written statement by the fact finder of the outcome. Accordingly, his due process rights under Wolff were met.

Petitioner argues there was not sufficient evidence to support a guilty finding. As stated above, due process is satisfied if there is at least "some evidence" to support the finding. Hill, 472 U.S. at 455. In this case, there was ample evidence to support the finding. The hearing officer reviewed the incident report which contained the statement of the correctional officer who witnessed the incident. The hearing officer also reviewed a photograph of the recovered food item. He also heard Petitioner's own statement that he had taken possession of the food item but denied stealing it, which statement the hearing officer determined was not credible. Based on the totality of the circumstances, the hearing officer found Petitioner guilty of the offenses. Petitioner fails to demonstrate that there was not "some evidence" from which to conclude he committed the offenses.

1  In sum, all due process requirements were satisfied. The petition is without merit and should
2  be denied.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion for dismissal under Rule 12(b)(6) be CONSTRUED as an answer to the petition, and the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after service of the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 4, 2010                    /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California     cd                       5